IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALANA M. O'REILLY, Ph.D., | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. 24-5315-KSM |
| THE INSTITUTE FOR CANCER RESEARCH, et al., | |
| Defendants. | |

**ORDER**

**AND NOW**, this 25th day of June, 2025, upon consideration of Plaintiff's letter request to compel discovery or otherwise preclude Defendants from asserting a "good faith" defense to punitive damages (Doc. No. 35), Defendants' response in opposition (Doc. No. 36), and Plaintiff's reply in support (Doc. No. 37), and following oral argument, the Court finds as follows:

1. In Plaintiff's letter, she asks this Court to either: (a) compel Defendants to produce their response to Plaintiff's administrative complaint filed with the Philadelphia Commission on Human Relations ("PCHR") on August 31, 2023, which Defendants assert is protected by the attorney-client privilege and work product doctrine; or (b) preclude Defendants from raising a "good faith" defense to punitive damages, which, according to Plaintiff, necessarily relies on Defendants' response to Plaintiff's PCHR complaint. (Doc. No. 35; *see* Doc. No. 37.)

2. Plaintiff argues that in order to prevail on a "good faith" defense to punitive damages under *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999), Defendants would have

to show that they both maintained a policy that prohibits unlawful sex-based harassment and retaliation and made good faith efforts to comply with the law when they responded to Plaintiff's PCHR complaint, "including with respect to their investigation, any conclusions reached relating to allegations in the complaint, any corrective action taken in response to the complaint, and any steps taken to prevent future discrimination and/or retaliation as a result of such complaint." (Doc. No. 35 at 6–8.)  According to Plaintiff, discovery has revealed that Defendants' only investigation in response to Plaintiff's PCHR complaint was conducted by their current outside counsel.  (*Id.* at 2–4, 6–8.)  While Plaintiff explicitly denies that she is arguing that Defendants "are required to offer evidence of their investigation into her PCHR complaint in order to present a *Kolstad* defense" (Doc. No. 37 at 1), she nevertheless contends that Defendants have impliedly waived the attorney-client privilege and work product protection over this investigation by invoking that defense (Doc. No. 35 at 5–8).  Therefore, allowing the Defendants to proceed with their anticipated "good faith" defense while continuing to withhold from discovery outside counsel's investigation of Plaintiff's PCHR complaint based on the attorney-client privilege and work product doctrine would "deny Plaintiff access to the only evidence available to rebut the assertion that the entity Defendants made 'good faith' attempts to comply with the law." (*Id.* at 6–8.)

        3.     Defendants claim that they have not placed outside counsel's preparation of their response to Plaintiff's PCHR complaint, including any investigation of the factual allegations in the complaint, at issue in this action.  (Doc. No. 36 at 5–8.)  Noting that "[t]he proofs of such good faith efforts are [their] prerogatives," Defendants argue that they can and will assert a "good faith" defense under *Kolstad* without relying on outside counsel's preparation of their response to the PCHR complaint—which position Defendants maintain (1) they have

consistently taken in response to Plaintiff's discovery requests and before this Court, and (2) the discovery record supports. (*See id.* at 1–8.)

4. The Court agrees with Defendants. Plaintiff's argument relies on an expansive interpretation of the doctrine of attorney-client privilege waiver in conjunction with a party's assertion of claims or defenses that put their attorney's advice "in issue" in the litigation. (*See* Doc. No. 35 at 5–6 ("A privilege may implicitly be waived when a defendant asserts a claim or defense that in fairness requires examination of protected communications. . . . [A]sserting a 'good-faith' belief defense puts at issue the communications leading to the good-faith belief, waiving the privilege around those communications.").) The advice of counsel is placed "in issue"—and thus the protections of the attorney-client privilege and/or work product doctrine are waived—only when "the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney[-]client communication." *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994); *see Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995) (holding that the attorney-client privilege may be waived where a party's actions "evinc[e] a clear intent to waive the attorney-client privilege by placing at issue reliance on the advice of counsel," as, for example, an affirmative defense). "Advice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner." *Rhone-Poulenc Rorer Inc.*, 32 F.3d at 863.

5. Here, the Court finds that there has been no waiver of the attorney-client privilege or work product protection over outside counsel's preparation of Defendants' response to Plaintiff's PCHR complaint. Defendants have explicitly and repeatedly disclaimed any reliance on the same in support of their anticipated "good faith" defense under *Kolstad*. "Caselaw —

even that cited by [Plaintiff] — leaves the door open for a party to preserve attorney-client privilege by making an affirmative commitment that it will not rely on the advice of counsel in attempting to prove any claim or defense." *D'Angelo & Eurell v. Darwin Nat'l Assurance Co.*, No. 23-cv-397, 2024 WL 4920564, at *1 (E.D. Pa. June 18, 2024); *see, e.g.*, *United States ex rel. Behnke v. CVS Caremark Corp.*, No. 14-cv-824, 2025 WL 373433, at *5–6 (E.D. Pa. Feb. 3, 2025) (denying relator's motion to compel because defendant "has explicitly asserted that it is not relying on the advice of counsel and its use of [memoranda related to investigation by outside counsel] does not necessarily require placing advice of [counsel] at issue"); *EEOC v. The George Washington Univ.*, 342 F.R.D. 161, 186–87 (D.D.C. 2022) ("So, in situations much like the one presented here, a number of courts have found that a party that has interposed a good faith defense but disclaimed reliance on privileged or protected materials—such as those created in connection with an internal investigation—does not waive protection over those materials." (collecting cases)); *United States v. Medicor Assocs., Inc.*, No. 10-cv-245, 2014 WL 12588331, at *8 (W.D. Pa. June 16, 2014) (conditioning defendant's discovery obligations in response to relator's motion to compel on defendant's decision to file "written notice that it does not intend to rely on the advice of counsel in connection with any claim or defense in this action"), *report and recommendation adopted*, 2014 WL 12587074 (W.D. Pa. July 25, 2014).  An affirmative disclaimer of reliance on privileged or protected materials in support of anticipated defenses is sufficient to preserve such protections over those materials, even if the discovery record suggests otherwise. *See D'Angelo & Eurell*, 2024 WL 4920564, at *1–2 (concluding that defendants had not waived the attorney-client privilege based on their "affirmative commitment that they will not use the advice of counsel to prove any defenses" even after defendant's employee responsible for the insurance claim at issue testified during her deposition that she relied upon advice of

4

counsel in making her coverage determination); *Doe v. Schuylkill Cnty. Courthouse*, 343 F.R.D. 289, 296 (M.D. Pa. Jan. 17, 2023) (holding that "absent some affirmative abandonment of any defense based upon reliance on counsel, these apparent claims of good faith based, in part, upon legal advice open the door to appropriate discovery regarding these communications"); *Ivanovs v. Bayada Home Health Care, Inc.*, No. 17-cv-1742, 2021 WL 10396700, at *5 (D.N.J. May 27, 2021) ("accept[ing] Defendant's representation that it will not rely upon advice of counsel in support of its [good faith] affirmative defenses," after acknowledging that, in light of the discovery before the court thus far, "it is unclear how Defendant will support such defenses at trial without reference to advice of counsel").

6.  At this stage, having considered both the discovery record as described and excerpted by Plaintiff and the factual bases for Defendants' anticipated *Kolstad* defense, the Court does not have reason to doubt Defendants' disclaimed reliance on outside counsel's preparation of Defendants' response to Plaintiff's PCHR complaint. In other words, despite Plaintiff's insistence that Defendants must rely on outside counsel's involvement in responding to the PCHR complaint to support their "good faith" defense, Plaintiff "has not pointed to . . . circumstances that would nudge [Defendants'] good faith defense into waiver territory." *George Washington Univ.*, 342 F.R.D. at 188–89 (finding that defendant's assertion of *Kolstad* defense did not trigger waiver of attorney-client privilege or work product protection over internal investigation documents where defendant intended to rely on evidence unconnected to and predating the internal investigation and where defendant's non-discrimination policy did not require the advice or the involvement of counsel); *see Glenmede Trust Co.*, 56 F.3d at 486; *Schuylkill Cnty. Courthouse*, 343 F.R.D. at 294–95 (finding that "implicit" in defendants' assertion that they acted in good faith and with a non-retaliatory purpose when they took various

adverse actions against plaintiffs "is the suggestion that the defendants were guided by counsel throughout these actions," since "various defendants have in the course of discovery referenced or alluded to investigations and advice they have received from outside counsel"); *Berardino v. Prestige Mgmt. Servs., Inc.*, Nos. 14-cv-3451 & 14-cv-3492, 2017 WL 1084523, at *5 (D.N.J. Mar. 21, 2017) (rejecting plaintiff's argument that defendant impliedly waives its privileges by asserting an affirmative good faith defense where "advice of counsel was not raised as an affirmative defense nor were there any acts evincing a clear intent to waive the attorney-client privilege by placing at issue reliance on the advice of counsel"). Moreover, Plaintiff concedes that Defendants have not yet placed outside counsel's investigation of Plaintiff's PCHR complaint at issue, as the issue of punitive damages—and Defendants' anticipated "good faith" defense to punitive damages—is not ripe at this point in the case. (Doc. No. 37 at 1.)

For those reasons, it is **ORDERED** that Plaintiff's letter request is **DENIED** without prejudice. Defendants are bound by their representation that they will not rely on outside counsel's preparation of their response to Plaintiff's PCHR complaint to assert a "good faith" defense under *Kolstad*. Nevertheless, should Defendants later attempt to do so or rely on advice of counsel in support of any other defenses, Plaintiff retains the right to file an appropriate motion consistent with this Order.

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*
KAREN SPENCER MARSTON, J.