**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| ALANA M. O'REILLY, Ph.D., | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | CIVIL ACTION NO. 2:24-CV-05315 |
| v. | : | |
| | : | (JUDGE MARSTON) |
| | : | |
| THE INSTITUTE FOR CANCER | : | [ELECTRONICALLY FILED] |
| RESEARCH, TEMPLE UNIVERSITY | : | |
| HEALTH SYSTEM, TEMPLE | : | |
| UNIVERSITY, and JONATHAN | : | |
| CHERNOFF, MD, Ph.D., | : | |
| | : | |
| Defendants. | : | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE  AND/OR LIMIT EVIDENCE OF
SPECIFIC INSTANCES OF PRE-JANUARY 2023 ALLEGED MISTREATMENT**

Defendants, The Institute for Cancer Research d/b/a The Research Institute of Fox Chase

Cancer Center, Temple University Health System, Temple University and Jonathan Chernoff,

M.D., Ph.D. ("Dr. Chernoff") ("Defendants") hereby submit this Motion in Limine and move for

an Order excluding from trial and/or limiting at trial all evidence of, testimony regarding or

reference to specific instances of alleged mistreatment by Defendants prior to January 2023.

I.      **LEGAL STANDARD.**

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it makes "the

existence of any fact that is of consequence to the determination of the action more probable or

less probable than it would be without the evidence."  FED. R. EVID. 401.  Under Rule 402, only

relevant evidence is admissible at trial.  FED. R. EVID. 402.  Finally, Rule 403 permits a court to

exclude relevant evidence "if its probative value is substantially outweighed by a danger of one

or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## II.     ARGUMENT.

### A.  Evidence Relating to Plaintiff's 2014 Complaint About an Environmental Services Worker Should be Excluded.

First, the Court should exclude evidence, testimony and references by counsel relating to Plaintiff's 2014 complaint about an environmental services worker and Defendants' response to the same.  There is no evidence that this complaint involved anyone involved with Plaintiff's complaint about Dr. Chernoff in 2014 or 2023.  While Plaintiff avers in her Complaint that Dr. Chernoff "took advantage of the situation," that allegation goes only to what happened in 2014, not 2023.  Therefore, it is multiple steps removed from having any probative value regarding Dr. Chernoff's intent in 2023 and is irrelevant under Rule 401.

Evidence relating to Plaintiff's 2014 complaint about an environmental services worker and Defendants' response also should be excluded under Rule 403, because such evidence poses a significant risk of unfair prejudice and jury confusion.  Specifically, evidence and references to this complaint and response likely may lead the jury to believe that Plaintiff was (or believes she was) mistreated because of this complaint.  This could be used to garner improper sympathy from the jury for reasons unrelated to Dr. Chernoff which would unfairly prejudice Defendants. Plaintiff and her counsel should not be allowed to try to paint Defendants in a negative light because of what she claims to have been mistreatment at the hands of an environmental services worker or because of her complaint about this.  Pursuant to Rule 403, any evidence, testimony, questions or comments by Plaintiff and her counsel that refer or relate to Plaintiff's age or Plaintiff's contentions that she experienced age or disability discrimination should be excluded because of the risk of unfair prejudice and confusion.  FED. R. EVID. 403.

**B. Evidence Relating to Specific Allegedly Harassing Emails That Dr. Chernoff Sent Prior to January 23, 2023 Should be Excluded.**

Defendants recognize the principle that background evidence may be utilized to establish motive with respect to timely claims. The problems with the asserted background evidence in this case are as follows: (1) it is so unrelated to the actual evidence and so differs in kind that it risks unfairly prejudicing Defendants and confusing the issues; and (2) it is so voluminous in comparison to 2023 that it risks turning the trial into one about 2014-15 as opposed to being about 2023.

Plaintiff's exhibit list contains more than 100 pages of emails from 2014 and 2015, both from before Dr. Beck's January 9, 2015 letter to Dr. Chernoff and from after this letter. It would constitute undue delay and a waste of time for the jury to hear about each of these emails as their only potential relevance would be as background evidence. Not only would Plaintiff need to testify to each of them, but Dr. Chernoff would need to have the ability to respond during his testimony to explain each of the emails as well. Doing so easily could take up more than a day of the trial and create its own mini-trial about what happened in 2014-15. This would constitute undue delay and a waste of time. FED. R. EVID. 403.

Defendants propose that an instruction by the Court that Dr. O'Reilly made a complaint in 2014 about Dr. Chernoff's conduct in emailing her about non-work-related matters and that the 2014 conduct is not part of this case. Defendants have included a subset of 2014 emails in their exhibit list to rebut Plaintiff's allegations of sexual harassment by Dr. Chernoff. As such, Defendants propose that, to the extent that the Court finds that any of the 2014-15 emails are relevant, they should be significantly pared down to a manageable number (perhaps 5) that Plaintiff would be permitted to introduce and the same number of emails that Defendants would be permitted to introduce.

### C. Evidence Relating to Dr. Chernoff's Alleged Attempt to Remove Plaintiff From the Cancer Biology Program in 2016 Should be Excluded.

Plaintiff's Trial Exhibit list includes P-33,[1] which contains emails in which Plaintiff will argue that Dr. Chernoff tried to have her removed from the Cancer Biology Program of which she was a member at that time. Similar to the 2014-15 emails, these emails are irrelevant and should be excluded under Rule 402 because they occurred seven (7) years before Plaintiff's legal claims arose and do not relate to the ReWARD Grant letter of support. To the extent Plaintiff uses the 2015 Beck letter and similar evidence to suggest any course of conduct by Dr. Chernoff or that he was more likely to engage in discrimination during the relevant time period because of his prior conduct – this is propensity evidence which is inadmissible at trial. *Sec. & Exch. Comm'n v. McDermott*, No. CV 19-4229-KSM, 2022 WL 2337312, at *8 (E.D. Pa. June 24, 2022) (Marston, J.) (excluding "textbook propensity evidence").

To the extent that P-33 and the issues raised therein are have any probative value, such probative value is outweighed by the risk of undue delay, jury confusion and wasting time under Rule 403. Plaintiff's claims in this case are not about the 2016 Cancer Biology Program issues and their presentation would risk further confusing the jury about whether Plaintiff has any claim based on events occurring prior to January 2023. It would constitute a waste of time for the jury to hear about these issues during Plaintiff's testimony and the presentation of defense witnesses.

### D. Evidence Relating to Plaintiff's Allegation that Dr. Chernoff Harassed Her in 2022 Should be Excluded.

Finally, the Court should exclude Plaintiff's Trial Exhibit P-36 and the issues raised therein, in which Plaintiff alleges in an email to Dr. Jeffrey Peterson that Dr. Chernoff harassed her on June 21, 2022.[2] Specifically, Plaintiff alleged to Dr. Peterson that Dr. Chernoff followed

---

[1] P- 33 is attached as Exhibit 1 hereto.
[2] P-36 is attached as Exhibit 2 hereto.

her around an auditorium during a faculty seminar and then sat down in the chair next to the chair in which she had been seated.  These emails are irrelevant and should be excluded under Rule 401 and Rule 402.  These emails are not part of Plaintiff's claims in this case and are not relevant to the questions the jury must decide.  Even if they have some probative value, they are unfairly prejudicial and should be excluded under Rule 403 because they constitute improper propensity evidence.

## III.    <u>CONCLUSION.</u>

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion in Limine and issue an Order in the form of the proposed Order filed herewith.

Respectfully submitted,

Dated: September 26, 2025

/s/ Benjamin L. Shechtman
Benjamin L. Shechtman
bshechtman@cozen.com
Elizabeth A. Malloy
emalloy@cozen.com
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 665-2046

Attorneys for Defendants